IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **INTEGRA MISSION CRITICAL, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-238-L** |
| | § | |
| **CUMMINGS ELECTRICAL, LP,** | § | |
| | § | |
| Defendant | § | |
| | § | |
| v. | § | |
| | § | |
| **CAELI, LLC,** | § | |
| | § | |
| Counter-Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the court's February 5, 2024 Order (Doc. 9), before the court is Plaintiff Integra Mission Critical, LLC's ("Plaintiff") Motion to Remand to State Court ("Plaintiff's Motion") (Doc. 10), filed February 9, 2024; and Defendant Cummings Electrical, LP's ("Defendant") [Redacted] Brief in Support of Jurisdiction ("Defendant's Brief") (Doc. 14), filed February 12, 2024.* Having considered Plaintiff's Motion, Defendant's Brief, the record, and relevant law, the court determines that Plaintiff's Motion should be **granted**; Defendant's declaratory judgment action should be **dismissed without prejudice**; and all remaining claims and counterclaims should be **remanded** to the 116th Judicial Court, Dallas, Texas for further proceedings.

---

* Before the court is also Defendant's Motion for Leave to File its Brief in Support of Jurisdiction Under Seal and [Unredacted and Sealed] Brief in Support ("Motion for Leave") (Doc. 13), filed February 12, 2024. Upon review of the redacted version of Defendant's Brief (Doc. 14), the court was able to reach a determination. Accordingly, Defendant's Motion for Leave is **denied.** The court **directs** the clerk of court to strike Doc. 13 from the record.

**Memorandum Opinion and Order – Page 1**

**I.     Background**

Plaintiff is a "manufacturing company that provides proprietary solutions to data center customers around the world." Doc. 1-2 at 6. Defendant is a "a full service commercial electrical contractor that provides the design and construction of electrical systems in complex commercial projects." Doc. 14 at 5. In 2021, the parties entered a joint business partnership and formed NOVOS North America, LLC. It is undisputed that, "[t]hrough its partnership with Plaintiff, Defendant gained temporary access to Plaintiff's trade-secret information, including confidential design schematics, client contact information and identities, and other proprietary materials." Doc. 10 at 2 (citing Doc. 1, Ex. 2). Therefore, the parties signed non-disclosure agreements. *Id.* at 7. NOVOS was dissolved in the summer of 2023. Doc. 14 at 8.

According to Plaintiff, "[a]fter ceasing its joint business with [Plaintiff], [Defendant] proceeded to use [Plaintiff's] confidential and trade-secret information, including prospective and current client contact information, to steal clients from [Plaintiff] in direct violation of its obligations contained in a still-valid nondisclosure agreement and survival clauses that include noncircumvent language. . . ." *Id.* Accordingly, Plaintiff issued Defendant a cease-and-desist letter on January 9, 2024. Doc. 1-2 at 10. The next day, Defendant responded to the letter, indicating that the parties' Dissolution Agreement "nullified any agreement" the parties ever entered, "specifically includ[ing] the [non-disclosure agreement.]" *Id.*

On January 19, 2024, Plaintiff filed its Verified Original Petition (the "Petition") alleging causes of action for breach of contract and misappropriation of funds against Defendant; Application for Temporary Restraining Order ("TRO"), Temporary Injunction, and Permanent Injunction; and Emergency Motion for Expedited Discovery (Doc. 1-2), in the 116th Judicial District Court. That same day, the Honorable Tonya Parker conducted a hearing regarding Plaintiff's TRO, wherein Defendant argued in opposition. Doc. 1-2 at 2. On January 22, Defendant

**Memorandum Opinion and Order – Page 2**

filed a competing application for TRO "seeking the same relief it opposed [at the hearing]," according to Plaintiff. *Id.* Later that same day, Judge Parker granted Plaintiff's request for expedited discovery, entered Plaintiff's TRO, with an expiration date of February 5, at 2:00 p.m., and scheduled a hearing for Plaintiff's application for temporary injunctive relief on February 1, at 2:00 p.m.

On January 29, Defendant filed its Original Answer, Original Third-Party Petition and Amended Counterclaim for Declaratory Relief ("Answer") (Doc. 1-16) alleging counterclaims against Plaintiff for breach of contract and misappropriation of trade secrets, and an action for declaratory judgment against Plaintiff and Counter-Defendant Caeli, LLC ("Counter-Defendant") seeking a declaration that U.S. Patent No. 11,744,047 ("Patent '47") is not infringed and is invalid. Doc. 1-6 at 8-10. According to Defendant, Plaintiff's principals are inventors on Patent '47, Counter-Defendant owns Patent '47, and Counter-Defendant "is an affiliate of [Plaintiff] and shares several corporate officers (who are also the inventors of [Patent '47]) and the same place of business." *Id.* at 8.

On January 30, Defendant removed this action to federal court pursuant to 28 U.S.C. §§ 1446 and 1454 arguing that:

> In its Answer, Defendant asserts an action for declaratory judgment under 28 U.S.C. §§ 2201, 2202, seeking a declaration that [Patent '47] is not infringed and is invalid.
>
> The State Court Action thus raises a federal question, invoking this [c]ourt's jurisdiction. Removal is therefore proper under 28 U.S.C. § 1454. Supplemental jurisdiction exists over Plaintiff's state law claims because they form part of the same case or controversy.

Doc. 1 at 2 (citing 28 U.S.C. §§ 1338, 1367). Defendant also alleged that both Plaintiff and Counter-Defendant were "formally served" with its Answer on January 30. Doc. 1 at 2.

**Memorandum Opinion and Order – Page 3**

On February 2, Plaintiff filed its Motion to Extend Time (Doc. 6) of the state issued TRO pursuant to Federal Rule of Civil Procedure 65(b)(2), stating that although it disputes Defendant's position, "absent immediate court intervention, Plaintiff's TRO will lapse and expire on Monday, [February 5,] at 2:00 PM, rendering Plaintiff exposed to the same imminent and irreparable harm that was shielded by the pre-removal rulings obtained in the State Court Action." On February 5, the court granted Plaintiff's Motion to Extend and issued an order (Doc. 10) extending Plaintiff's TRO until February 19, 2024, at 5:00 p.m. In the same order, the court raised concerns about its jurisdiction over the case, so it ordered "Plaintiff and Defendant [to] file briefs, on or before February 12, 2024, addressing the jurisdictional questions it raised and any other arguments they may have regarding the court's jurisdiction." Doc. 10 at 4. The court also set a hearing for February 16, 2024, at 9:00 a.m., "if the court determines that it has jurisdiction over all claims in this action."

## II.   Discussion

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with

**Memorandum Opinion and Order – Page 4**

the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted). Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

Defendant purports to remove this action on the basis of a federal question. It makes no argument that the action has been removed on the basis of complete diversity of citizenship between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Accordingly, the court confines its discussion to whether Plaintiff's Petition raises a federal question.

The court begins its analysis with the allegations set forth in Plaintiff's Petition. As stated before, this is a breach of contract and misappropriation of funds case, which are both state law

claims. The Petition raises no federal question, and Defendant recognizes that Plaintiff only alleged state law claims. Doc. 1 at 2 ("Supplemental jurisdiction exists over Plaintiff's state law claims . . . .") Defendant asserts, though, that the court has federal-question jurisdiction because its counterclaims arise under 28 U.S.C. §§ 2201-02 granting the court jurisdiction pursuant to 28 U.S.C. 1454

> As the court recognized in its February 5, 2024 Order:
>
> The Fifth Circuit and Supreme Court have made it clear that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for "arising under" jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). In 2011, however, Congress enacted the America Invents Act that amended section 1454 to state: "A civil action in which **any party** asserts a claim for relief arising under any Act of Congress relating to patents. . . may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C.A. § 1454 (emphasis added).

Doc. 9 at 3. Here, Defendant's "claim for relief . . . relating to a patent" is their counterclaim seeking a declaratory judgment against Plaintiff and Counter-Defendant that Patent '47 is not infringed and is invalid. The court's analysis of its jurisdiction, however, does not end there.

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C § 2201(a)).

> When considering a declaratory judgment action, a district court must engage in a three-step inquiry. The court must ask (1) whether an actual controversy exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether to exercise its broad discretion to decide or dismiss a declaratory judgment action. The statute's requirement of a case of actual controversy refers to an Article III case or controversy. Defendant bears the burden of pleading facts demonstrating the existence of a justiciable controversy.

*Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293-94 (5th Cir. 2019) (citations and quotations omitted).

To show an actual controversy, the dispute at issue "must be definite and concrete, real and substantial, and admit of specific relief through a decree of a conclusive character." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Here, Defendant asserts that a case or controversy exists because Plaintiff, in its Petition, "asserts that it owns the patent-in-suit" and "asserts that [Defendant] has used the patent." Doc. 14 at 14. Plaintiff, however, does not mention any specific patent, including Patent '47, in its Petition, that it is the owner of Patent '47, or that Defendant is using Patent '47. Plaintiff generally alleges that it owns many patents, and that Defendant is using "its trade secrets and patents as a part of its efforts to secure [ ] business." Doc. 1-2 at 4-5. Defendant conclusively states that Counter-Defendant owns the subject patent, Patent '47. Accordingly, the court determines that Defendant has not met its burden of establishing that an actual controversy exists between Plaintiff and Defendant regarding the subject patent, Patent '47. At the very least, the court concludes that Defendant has not met its burden to show that sufficient immediacy exists to warrant a declaratory judgment action.

Further, even if the court were to conclude that it has jurisdiction over Defendant's declaratory judgment, the court still must determine whether to exercise supplemental jurisdiction over Plaintiff's state law claims. Pursuant to § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original

**Memorandum Opinion and Order – Page 7**

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:06–CV–879BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

In this case, the court finds that it does not have supplemental jurisdiction over Plaintiff's state law claims. The basis of Plaintiff's claims is whether the contracts signed when the parties entered their partnership were nullified when the parties signed the dissolution agreement. Two out of three of Defendant's counterclaims pertain to the same issue. The only purported federal law claim is Defendant's declaratory judgment, wherein it argues that Plaintiff and Counter-Defendant are one entity, that they own Patent '47, that Patent '47 is invalid, and that it has not infringed Patent '47 if it is valid. Defendant fails to provide sufficient information for the court to reasonably conclude that the state law claims and declaratory judgment action "derive from a common nucleus of operative fact." Accordingly, the court lacks supplemental jurisdiction over Plaintiff's state law claims and two of Defendant's counterclaims. Further, even if the court had supplemental jurisdiction, it is within the court's discretion whether to exercise it, and the court declines to do so.

## V.     Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion (Doc. 10); **dismisses without prejudice** Defendant's counterclaim for declaratory judgment; **vacates** the hearing set for February 16, 2024, at 9:00 a.m.; and **remands** this action to the 116th Judicial District Court,

Dallas County, Texas. The clerk of court **shall** effect the remand in accordance with the usual procedure and **term** all pending motions (Docs. 11 and 12).

Plaintiff also seeks reasonable attorney's fees for filing the Motion to Remand. Although the court has granted Plaintiff's Motion, it determines that Defendant's removal of this action to federal court was not objectively unreasonable. Accordingly, the court **denies** Plaintiff's request for an award of attorney's fees.

**It is so ordered** this 15th day of February, 2024.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 9**